## A96A1483. MITCHELL v. DEPARTMENT OF HUMAN RESOURCES.
### (474 SE2d 727)

McMURRAY, Presiding Judge.

The Georgia Department of Human Resources ("DHR") initiated a petition for child support against defendant Willie Mitchell under the Georgia Child Support Recovery Act, OCGA § 19-11-1 et seq. The petition alleged that Beverly Pennamon is the natural mother of the minor child, C. K. P., born November 1, 1986, and that defendant "is the absent parent of said minor child [and is] liable for [its] support." The petition prayed for child support "in the amount of $39.00 per week plus costs or 23% of Defendant's gross income, plus costs[; . . .] any arrearages that have accrued for prior child support[; . . .] an Order for Income Deduction[; . . . and an order that defendant] provide and maintain health and accident insurance coverage for said minor [child]." Defendant moved to dismiss the petition on the grounds that "Plaintiff was married to a Leroy Nmi Pennamon during 1986 when the child was born [and] show[ed] that the Plaintiff signed a birth certificate indicating that her husband at the time, Leroy Pennamon, was the father of the child." To rebut the evidentiary presumption that the mother's husband, Leroy Pennamon, was the legal father of C. K. P., Beverly Pennamon submitted her affidavit wherein she deposed that the "father of said minor child is [defendant; . . . that at] the time [her] child was born, [she] was legally married to Leroy Pennamon; however, [they] had been separated for approximately six (6) years[; that she] did not have sexual relations with Leroy Pennamon during the period of conception [. . .; that she] did not have sexual relations with any man other than [defendant] during the time that [C. K. P.] was conceived[; . . . that defendant] has acknowledged that he is the father . . . and he has bought Christmas and birthday gifts for [C. K. P.; and that the] reason that Leroy Pennamon is named as the father on [C. K. P.'s] birth certificate is that [she] was told at the hospital that this was necessary since [she] was still legally married to Mr. Pennamon. [Nevertheless, Beverly Pennamon] knew at the time and [has] always known that Leroy Pennamon is not the father of the child."

The trial court denied defendant's motion to dismiss and further ordered defendant to "submit to a blood test for [the] purpose of proving or disproving parentage." This order also directs that "the parties be bound by the written test results and that said results shall be admissible in Court without establishing the chain of custody of the blood samples and without expert testimony as to the [test] results."

Defendant subsequently moved to have Leroy Pennamon's blood tested, supporting his motion with proof that Leroy Pennamon still lived within the jurisdiction of the court. The trial court ruled that

"defendant must arrange that blood test by the usual discovery methods by the end of January, 1994, or the request will be deemed waived."

At trial, DHR presented the expert opinion testimony of Gary Michael Steulmiller, Ph.D., the Director of Paternity Evaluation for Roche Biomedical Laboratories in Burlington, North Carolina. Dr. Steulmiller identified as business records two tests performed on defendant's blood. Each time, defendant's blood was tested for ABO phenotype, Rh, HLA (human leukocyte antigen), and four different DNA (deoxyribonucleic acid) markers. Dr. Steulmiller "did not specifically perform any of the testing [him]self. [Rather, he] personally reviewed and interpreted the original results [him]self [and confirmed that the] report[s] [do not] depend in any way on the opinion or conclusions of anyone other than [him]self." "Based upon the test report[s], . . . [defendant] could not be excluded from paternity of [C. K. P.]" "[I]n every one of the five genetic tests performed [defendant] expressed the necessary information to qualify as a father for this child." In Dr. Steulmiller's opinion, the "probability of paternity is . . . over 99.9%."

Defendant testified and denied paternity. Although the clerk of the Chatham County Superior Court had issued a subpoena for Leroy Pennamon, defendant rested without calling this witness. The jury determined that defendant is the biological father of C. K. P. and found that he should pay $100 per week in child support, $10,000 in back child support, and that he should provide medical insurance coverage for the child. Defendant's application for discretionary appeal was granted by this Court, and a timely notice of appeal was filed. *Held*:

Defendant urges, in part, that the trial court erred in not requiring Leroy Pennamon to submit to paternity blood testing and erred in permitting evidence of blood test results without a proper foundation. It is apparent from our recitation from the record in the case sub judice that these contentions are without merit. "Upon consideration of the entire record and the applicable statutory provisions [in light of the errors alleged in the application], this discretionary appeal is hereby dismissed as having been improvidently granted. See generally *Morgan v. G. M. &c. Corp.*, 167 Ga. App. 404 (307 SE2d 137) (1983)." *Vulcan Materials Co. v. Upshaw*, 197 Ga. App. 604 (399 SE2d 584).

*Appeal dismissed. Johnson and Ruffin, JJ., concur.*

DECIDED AUGUST 19, 1996 — 

*Gregory N. Crawford*, for appellant.
*Michael J. Bowers, Attorney General, Stephanie M. Baldauff,*

*Assistant Attorney General*, for appellee.

